IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMERIFIRST BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| **CENTURY PHARMACY, LLC, JULIE** | ) |
| **LYNN BOOTH MORAN, and JULIE LYNN** | ) |
| **BOOTH REVOCABLE TRUST,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW, the Plaintiff, AmeriFirst Bank, successor by merger to Escambia County Bank ("AmeriFirst"), and files its Complaint against Defendants, Century Pharmacy, LLC ("Century"), Julie Lynn Booth Moran ("Moran"), and Julie Lynn Booth Revocable Trust (the "Trust," and together with Century and Moran, the "Defendants"), as follows:

### PARTIES AND JURISDICTION

1.  The Plaintiff, AmeriFirst, is an Alabama Corporation with its principal place of business in Montgomery, Alabama. For the purposes of this Court's analysis of diversity in this matter and to satisfy the requirements of 28 U.S.C. § 1332, AmeriFirst is a citizen of the State of Alabama. AmeriFirst is the successor by merger to Escambia County Bank.

2.  Defendant Century is a Florida Limited Liability Company with its principal place of business in Century, Florida. Upon information and belief, Moran is the sole member of Century. Upon information and belief, Moran is a resident of Florida. For the purposes of this

Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Century is a citizen of the State of Florida.

3. Defendant Moran is an individual resident of Florida who is over the age of eighteen years old. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. § 1332, Moran is a citizen of the State of Florida.

4. Defendant Trust is a revocable trust organized under the laws of the State of Florida. Upon information and belief, Moran is the trustee of the Trust. Upon information and belief, Moran is a resident of Florida. For the purposes of this Court's analysis of diversity in this matter to satisfy the requirements of 28 U.S.C. 1332, the Trust is a citizen of the State of Florida.

5. Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Personal jurisdiction and venue are also proper in this Court, as a substantial part of the events or omissions giving rise to the claim occurred in Escambia County. *See* 28 U.S. §1391(b). Namely, the loan origination, execution, and Defendants' failure to make payments occurred in Escambia County, Alabama.

## STATEMENT OF FACTS

7. This lawsuit arises from Century's nonpayment of a promissory note in the original principal amount of $345,502.85 (the "Loan").

8. On June 08, 2016, Century executed a Promissory Note (the "Note") in favor of Escambia County Bank, succeeded by AmeriFirst by merger, as Lender in the original principal amount of $345,502.85, a true and correct copy of the Note is attached hereto as Exhibit A.

9. Also on June 08, 2016, the Trust executed a Guaranty in favor of AmeriFirst, unconditionally guaranteeing payment of the Note. A true and correct copy of the Trust Guaranty is attached hereto as Exhibit B.

10. Also on June 08, 2016, Moran executed a personal Guaranty in favor of AmeriFirst, in which she unconditionally guaranteed payment of the Note. A true and correct copy of the Moran Guaranty is attached hereto as Exhibit C. The Trust Guaranty and Moran Guaranty are hereafter collectively referred to as the "Guaranties."

11. The Note is secured by that certain Security Agreement, dated June 08, 2016, as evidenced by the UCC-1 Financing Statement Instrument No. 202202297195 recorded on July 15, 2022 with the Florida Secretary of State, a true and correct copy of which is attached hereto as Exhibits D and E, respectively.

12. On October 29, 2025, AmeriFirst sent a letter to Defendants informing them that they were in default of the Note due to non-payment.

13. On November 10, 2025, AmeriFirst sent a second letter informing Defendants stating that they were still in default of the Note due to non-payment.

14. On December 09, 2025, AmeriFirst, through counsel, sent a letter informing Defendants that all amounts owed under the Note were due and that collection efforts would commence if payment was not received.

15. Despite the above written notices from AmeriFirst that the Loan is in default, the Defendants failed to make payment.

16. The Note is in default due to non-payment.

17. The Guaranties are in default due to non-payment.

18. The Security Agreement is in default due to non-payment.

19. The outstanding indebtedness due under the Note as of January 28, 2026 is $178,452.76. Attorney's fees and interest continue to accrue.

20. Interest accrues at a per diem rate of $27.16.

21. The Note, Guaranties, and any other documents related to the Note are hereinafter referred to as the "Loan Documents."

## COUNT ONE
## BREACH OF CONTRACT

22. AmeriFirst restates and incorporates the allegations of Paragraphs 1-21 as though set forth fully herein.

23. AmeriFirst has fully performed all of its obligations under the Note.

24. The Defendants have breached the terms of the Note, Guaranties and Security Agreement by failing to make payment when due.

25. AmeriFirst has suffered monetary damage as a result of Defendants' breach, default and non-performance.

WHEREFORE, AmeriFirst, prays that this honorable Court will enter judgment against the Defendants, jointly and severally, for the entire indebtedness owed due under the Loan Documents, including all principal, interest, late charges, attorneys' fees, costs and expenses; and for such other, further and different relief to which AmeriFirst is entitled, at law or in equity, the premises considered.

5

                   Respectfully submitted,

                   */s/ Robert C. Matthews*
                   ROBERT C. MATTHEWS    (MATTR7750)
                   *Attorney for AmeriFirst Bank*

OF COUNSEL:
**BURR & FORMAN LLP**
11 North Water St., Suite 22200
Mobile, Alabama 36602
T: (251) 345-8218
F: (251) 344-9696
RMatthews@burr.com